**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**EDWARD LUSTER**                                                                                   **PLAINTIFF**

**VS.**                                                    **4:04CV00486-WRW**

**BAPTIST MEDICAL CENTER**                                                           **DEFENDANT**

**ORDER**

Pending is Defendant Baptist Health's ("Baptist") Motion for Partial Summary Judgment.[1]  Plaintiff Edward Luster ("Luster") filed a Response,[2] and Baptist filed a Reply.[3] This is a race, national origin, sex, and retaliation case brought under 42 U.S.C. § 2000 *et seq.* ("Title VII"), and an age discrimination case brought under the Age Discrimination in Employment Act[4] ("ADEA").  The parties presented oral arguments on December 18, 2006.

**I. Background**

Luster began working for Baptist in 1991 as a Customer Service Leader ("CSL"). Luster's job entails supervising kitchen employees during the evening shift.  In 2003, Luster was disciplined twice -- once in February when his supervisors issued him a written counseling for failure to alert the morning shift that an employee would be absent, and again in June, when

---

[1] Doc. No. 31.

[2] Doc. No. 39.

[3] Doc. No. 48.

[4] 29 U.S.C. § 626 *et. seq.*

he was issued a written warning for failure to adequately discipline two kitchen employees. Plaintiff alleges that white workers, who had made similar mistakes, were not disciplined. After the first disciplinary action, Luster complained of discriminatory treatment to co-workers and supervisors. According to Luster, the second disciplinary action was taken in retaliation for his complaints about the first one. Luster alleges that he was told that he would be terminated; however, he was not terminated, he was not demoted, and his wages, work hours, and benefits remained the same.

Luster filed an EEOC charge in July 2003, alleging that he was discriminated against because of his race, sex, and age. He did not check "national origin" on the charge.[5] The EEOC charge states:

> On February 11, 2003, I was given a written counseling by the Production Manager (white male). I complained to various management officials and staff personnel regarding the difference in treatment. Since February 11, 2003 and continuing, I have been subjected to different terms and conditions of employment, including being threatened with termination. On June 27, 2003 I was given a written warning by the Department Director of Nutrition and Food Services (white female). . . . I believe that I have been discriminated against because of my race (black), sex (male), age (50), and in retaliation for opposing unlawful employment practices . . . .[6]

The EEOC investigated the charges and issued a right to sue letter in April 2004.[7] Luster filed his Complaint *pro se* in May 2004. In the Complaint, Luster alleged, for the first

---

[5]Doc. No. 31, Def. Ex. 2, EEOC Charge.

[6]*Id.*

[7]Doc. No. 1, Ex. 1.

time, discrimination based on national origin, and that Baptist failed to promote him. He asked that Baptist be directed to promote him and to treat him equally.[8]

## II. Authority

### A. Adverse Employment Action

Plaintiff in this case alleges race, gender, and age discrimination, and retaliation for engaging in protected conduct. In discrimination and retaliation claims, "adverse employment action" is a critical element. For instance, the elements of a retaliation claim are: (1) protected activity; (2) subsequent adverse employment action; and (3) a causal relationship between the two.[9] To establish a *prima facie* case of retaliation, a plaintiff must show that he was subjected to an adverse employment action that was causally related to his protected activity.[10] The critical element to a retaliation claim is adverse employment action.[11]

To present a *prima facie* case of gender or race discrimination, Luster must present evidence that: (1) he was a member of a protected class; (2) he was qualified for his job; (3) he suffered an adverse employment action; and, (4) there are facts that give rise to an inference of unlawful gender or race discrimination.[12] The elements of a *prima facie* case for age discrimination differ from the elements necessary to establish race and gender discrimination --

---

[8] Doc. No. 1.

[9] *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 259 (8th Cir. 1996).

[10] *Sowell v. Alumina Ceramics, Inc.*, 251 F.3d 678, 684 (8th Cir. 2001).

[11] *Baucom v. Holiday Cos.*, 428 F.3d 764, 768 (8th Cir. 2005); *see also Moisant v. Air Midwest, Inc.*, 291 F.3d 1028, 1031 (8th Cir. 2002).

[12] *Rorie v. United Parcel Serv., Inc.*, 151 F.3d 757, 760-61 (8th Cir. 1998) (setting out elements to establish gender discrimination); *Johnson v. AT & T Corp.*, 422 F.3d 756, 761 (8th Cir. 2005) (setting out elements to establish race discrimination for Title VII and § 1981 claims).

nevertheless, an age discrimination plaintiff must also show that he suffered an "adverse employment action."[13]

"Not every setback amounts to an adverse employment action."[14] An adverse employment action is a "tangible change in duties or working conditions that constitute a *material employment disadvantage*."[15] A disciplinary warning is not an adverse employment action.[16] A poor performance rating is not an adverse action, unless Luster shows a clear link to a detrimental result.[17] "An unfavorable evaluation is actionable only where the employer subsequently uses the evaluation as a basis to detrimentally alter the terms or conditions of the recipient's employment."[18]

### 1. Retaliation Claim

Plaintiff's retaliation claim involves several alleged adverse actions: (1) receipt of a second disciplinary warning; (2) threats of termination; and, (3) failure to promote.

With a retaliation claim, a plaintiff must show an adverse employment action, and he must also show that the adverse action is causally connected to a protected activity.

---

[13]*Haas v. Kelly Service, Inc.*, 409 F.3d 1030, 1035 (8th Cir. 2005) (setting out the elements to show age discrimination).

[14]*Powell v. Yellow Book U.S.A., Inc.*, 445 F.3d 1074 (8th Cir. 2006) (finding no adverse employment where management gave plaintiff three written reprimands, because plaintiff could not point to a cut in pay, reduction in hours, or any other significant change to the conditions of employment).

[15]*Burchett v. Target Corp.*, 340 F.3d 510, 518 (8th Cir. 2003) (emphasis added).

[16]*Baucom*, 428 F.3d at 768.

[17]*Spears v. Missouri Department of Correction & Human Resources*, 210 F.3d 850, 854 (8th Cir. 2000).

[18]*Id*.

Even assuming that Luster presented sufficient evidence that the second reprimand adversely affected his working conditions, there is insufficient evidence to link the second disciplinary action to his complaints about discrimination. "Generally, more than a temporal connection between the protected conduct and the adverse employment action is required to present a genuine factual issue on retaliation."[19] As noted above, Luster alleges that the second reprimand followed his complaints about the first. He testified that he made complaints during March and April 2003.[20] The second reprimand was issued in June 2003 -- two months after his last complaint. A one month time period between the protected conduct and an adverse action has been found to be too long a period of time to create a causal link.[21]

### 2. Race, Gender, and Age Discrimination Claims

Luster's race, gender, and age discrimination claims revolve around the following alleged adverse actions: (1) issuing two disciplinary warnings that were not issued to substantially younger Caucasian female employees who had made similar mistakes; (2) promoting a less qualified, substantially younger Caucasian female to a management position; and, (3) promoting a less qualified, substantially younger African American female to a management position.

## B. Failure to Promote

---

[19] *Scroggins v. University of Minnesota*, 221 F.3d 1042, 1045 (8th Cir. 2000).

[20] Doc. 43, Plaintiff Ex., Luster Deposition at p. 79.

[21] *Sowell v. Alumina Ceramics, Inc.*, 251 F.3d 678, 685 (8th Cir. 2001) (holding that a seven-month time lapse between the protected activity and the alleged retaliatory act is, without more, too long for the incidents to be temporally, and therefore, causally related); *see also Gagnon v. Sprint Corp.*, 284 F.3d 839, 851-52 (8th Cir. 2002) (noting that a one-month lapse between the protected activity and the retaliatory act is insufficient, standing alone, to support a causal link).

The complaint alleges that Baptist discriminated against Luster by failing to promote him. To raise a presumption of discrimination in failure-to-promote cases, a plaintiff must show that (1) he is a member of a protected group; (2) he was qualified and applied for a promotion to an available position; (3) he was rejected; and (4) similarly situated employees, not part of the protected group, were promoted instead.[22] In his deposition, Luster testified that he was passed over for promotion, and the jobs were given to younger female employees who were less qualified. He testified that in September 2003, he applied for promotion to manager of catering, but the job was awarded to Anita Douglas, an African American female.[23] Before that, a pastry chef job was given to Carol Thomas, a Caucasian female. The job was never posted and Luster was denied the opportunity to apply and compete for the position.

Plaintiff did not list these complaints in his original charge and he did not file a new or amended charge that included the failure-to-promote complaints. Luster argued that his EEOC charge, which alleged ongoing changes in the terms and conditions of his employment, is broad enough to include the two failure-to-promote claims. I disagree. Luster was obliged to specifically raise these two allegations in the charge.

**C. Exhaustion of a Failure to Promote Claim**

---

[22]*Patterson v. McLean Credit Union*, 491 U.S. 164, 186-87 (1989); *Marzec v. Marsh*, 990 F.2d 393, 395-96 (8th Cir. 1993); *Shannon v. Ford Motor Co.*, 72 F.3d 678 (8th Cir. 1996).

[23]Doc. 43, Pl. Ex., Luster's Deposition at 50-51.

A Title VII plaintiff must exhaust administrative remedies before bringing suit in federal court. Therefore, Luster must first file an administrative charge with the EEOC.[24] The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of."[25] If the EEOC gives the individual a right-to-sue letter following its investigation, the charge limits the scope of the civil action because "the plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge."[26] Permitting claims to be brought in court which are outside the scope of the EEOC charge would undermine the EEOC's investigatory and conciliatory role, and deprive the charged party of notice.[27]

"Discrete acts such as termination, *failure to promote*, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate[,] actionable unlawful employment practice."[28] When such "discrete acts" of discrimination occur, an employee is required to include it in a charge.[29]

---

[24] 42 U.S.C. § 2000e-5(e); *Nichols v. American National Ins. Co.*, 154 F.3d 875, 886 (8th Cir. 1998).

[25] 29 C.F.R. § 1601.12(b); *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006).

[26] *Nichols*, 154 F.3d at 887.

[27] *Kells v. Sinclair Buick-GMC Truck, Inc*., 210 F.3d 827, 836 (8th Cir. 2000); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994).

[28] *Parisi v. Boeing*, 400 F.3d 583, 586 (8th Cir. 2005) *(quoting National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (emphasis added).

[29] *Id.*; *See also Ross v. City of Independence*, 76 Fed. Appx. 108 (8th Cir. 2003) (holding that each decision not to promote was a discrete event, and no evidence was presented that the EEOC actually investigated or attempted to conciliate the charge of discrimination); *Vinson v. Ford Motor Co.*, 806 F.2d 686, 688 (6th Cir. 1987) (concluding that an EEOC complaint for January 1980 promotion denial did not satisfy prerequisite for federal suit alleging January 1979 demotion, where plaintiff presented no evidence the EEOC actually addressed the demotion

Baptist has not raised the exhaustion issue with respect to the failure-to-promote claim, however, a court may dismiss a complaint for failure to exhaust, if the plaintiff is given the opportunity to prove that he exhausted his administrative remedies, before the claim is dismissed.[30] Luster was given an opportunity to present evidence of exhaustion during oral argument, however, he failed to demonstrate that he filed a new charge or amended his original charge to include the failure-to-promote claims.

**III. Findings and Conclusions**

After reading the briefs, reviewing the exhibits, and considering the argument of counsel, I find:

1. In his response to Defendant's Motion for Partial Summary Judgment, Plaintiff raised, for the first time, allegations under 42 U.S.C. § 1981 and 42 U.S.C. § 1983. These claims were not in the Complaint and Plaintiff has not moved for an amendment. These claims are not properly before me and are, therefore, dismissed.[31]

2. A discriminatory adverse action under Title VII and the ADEA must be a tangible change in duties or working conditions that constitutes a material employment disadvantage.[32]

---

claim); *Boge v. Ringland-Johnson-Crowley Co.*, 976 F.2d 448, 451 (8th Cir. 1992) (filing of an administrative complaint regarding an August 1986 layoff was insufficient to meet the exhaustion requirement for an October 1987 termination because the two events were discrete); *Jones v. Denver Post Corp.*, 203 F.3d 748, 754-55 (10th Cir. 2000) (an employee whose administrative charge alleged just a single failure-to-promote claim of racial discrimination could not bring suit under Title VII based on a different, earlier incident).

[30]*Batchelder v. INS*, 180 Fed. Appx. 614 (8th Cir. 2006).

[31]Even if Plaintiff amended his Complaint to allege a violation of 42 U.S.C. § 1983 claim, it would be dismissed because there is no state action.

[32]*Powell*, 445 F.3d at 1079.

3. Two disciplinary actions within one year do not represent an adverse action as that term is defined under Title VII and the ADEA. The Eighth Circuit has specifically held that three reprimands are not adverse actions.[33]

4. To sustain a retaliation claim, a plaintiff must show an adverse action and a causal connection between the adverse action and the protected activity. Plaintiff has failed to raise an inference that the second reprimand was causally connected to his complaints about the first one.

5. Plaintiff failed to present enough evidence to make a *primae facie* case for race, sex, gender, and retaliation based on the disciplinary actions taken in February and June 2003.

6. A failure-to-promote claim is based on a specific action that takes place within a specific time frame. Because of this, a plaintiff must include each failure-to-promote incident in an EEOC charge[34] -- Luster did not.

7. Plaintiff has failed to show that he notified the EEOC of his failure-to-promote claim and of his national origin claim, and, therefore, he failed to exhaust these claims.

Defendant's Partial Summary Judgment Motion is GRANTED. Plaintiff's retaliation, race, gender and age claims are DISMISSED for failure to show an adverse employment action; Plaintiff's discrimination claims based on the failure to promote, and national origin are DISMISSED.

IT IS SO ORDERED this 19th day of December, 2006.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[33]*Id.*

[34]*Parisi*, 400 F.3d at 586.