**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**EDWARD LUSTER**                                                                                            **PLAINTIFF**

**VS.**                                                   **4:04CV00486-WRW**

**BAPTIST MEDICAL CENTER**                                                                      **DEFENDANT**

## ORDER

Pending is Defendant Baptist Health's[1] ("Baptist") Motion for Attorneys Fees and Costs.[2] Plaintiff has not responded.

**I. Background**

Plaintiff brought this discrimination case *pro se*. He first filed a charge with the EEOC, and then filed a Complaint.[3] Shortly after filing his complaint, Plaintiff moved for appointment of counsel.[4] The motion was denied.[5] However, an attorney entered an appearance on Plaintiff's behalf.[6]

Defendant filed a Motion for Summary Judgment,[7] and it was granted for the following reasons: (1) the actions taken by Defendant did not constitute adverse employment action; (2)

---

[1] Baptist Health is identified as Baptist Medical Center in the style of the case.

[2] Doc. No. 52.

[3] Doc. No. 1.

[4] Doc. No. 4.

[5] Doc. No. 12.

[6] Doc. No. 13.

[7] Doc. No. 41.

1

there was insufficient evidence to sustain his retaliation claim; and (3) Plaintiff failed to assert his failure to promote claim in his EEOC charge.[8]

Defendant is asking for attorneys' fees because Plaintiff filed a frivolous claim. Defendant requests $19,358.50 in fees, and $3,717.97 in costs.

## II. Authority

### A. Attorneys' Fees

A prevailing defendant may recover fees if the plaintiff's suit was frivolous, unreasonable, or groundless.[9]  However, courts must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."[10]

A district court's denial of an award of attorneys' fees is reviewed for an abuse of discretion,[11] and such a request is not readily granted.[12]  This is especially true with respect to discrimination claims.  The Eighth Circuit Court of Appeals has held that "[s]o long as the plaintiff has 'some basis' for the discrimination claim, a prevailing defendant may not recover attorneys' fees."[13]

---

[8]Doc. No. 50.

[9]*Marquart v. Lodge*, 26 F.3d 842, 852 (8th Cir. 1994).

[10]*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978).

[11]*Warner v. Indep. School District No. 625*, 134 F.3d 1333, 1336 (8th Cir. 1998).

[12]*Arnold v. Nursing and Rehabilitation Center*, 471 F.3d 843 (8th Cir. 2006).

[13]*Id.* (citing *E.E.O.C. v. Kenneth Balk & Assoc., Inc.*, 813 F.2d 197, 198 (8th Cir. 1987).

**B.  Costs**

Like an award of attorneys' fees, a district court's award of costs is also reviewed for an abuse of discretion.[14] According to Rule 54(d)(1) of the Federal Rues of Civil Procedure, costs "shall be allowed as of course to the prevailing party unless the court otherwise directs."[15] Under this rule, a presumption is established that costs are to be awarded to a prevailing party, but the district court has discretion to decide otherwise.[16]

Although Rule 54(d) allows a party to be reimbursed for its "costs," this term is given a narrower interpretation than its common place meaning suggests.[17] Costs are limited to taxable costs listed in 28 U.S.C. § 1920, which provides reimbursement for the following six items:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.[18]

---

[14] *Missouri Pac. R.R. Co. v. Star City Gravel Co.*, 592 F.2d 455, 459-460 (8th Cir. 1978).

[15] Fed. R. Civ. P. 54(d)(1).

[16] *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351 (1981).

[17] *Rogers v. Wal-Mart Stores, Inc*., 230 F.3d 868, 875 (6th Cir. 2000).

[18] 28 U.S.C. § 1920 (1)-(6).

The cost of transcripts may be awarded to a prevailing party if the transcripts were "necessarily obtained for use in the case."[19]  Before transcript costs can be awarded, it must be determined that the transcripts were not produced simply for convenience.[20]

Whether the deposition was obtained for use in the case is decided in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use.[21]

**III. Discussion**

   **A. Attorneys' Fees**

Defendant is asking for attorneys' fees because it contends that Plaintiff filed a frivolous claim, and made unfounded accusations.  I disagree.

Plaintiff's claims were dismissed because (1) he did not prove that he was subjected to an "adverse employment action"; (2) he did not prove a causation in his retaliation claim; and (3) he failed to raise the "failure to promote" claim in the EEOC charge.  Plaintiff filed his charge and his federal complaint without attorney assistance or advise.

"Adverse employment action" has a complicated legal meaning that is different and more limited than its ordinary meaning.  Plaintiff, like most people, could think that a disciplinary warning is an "adverse action," even though case law does not support this belief.

---

[19]28 U.S.C. § 1920 (2).

[20]*McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293 (8th Cir. 1985) (citing *Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir. 1973)); *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983)).

[21]*Barber v. Ruth*, 7 F.3d 636 (7th Cir. 1993).

Moreover, Plaintiff may have mistakenly believed that his EEOC charge included all discriminatory claims, including his failure to promote claim.  Finally, Plaintiff could believe there was a causal connection between his complaints and subsequent disciplinary actions, even though the connection could not be proved.

In fine, Plaintiff alleged, in good faith, that he was a victim of discrimination.  Because there was some basis for these allegations of discrimination and retaliation, Defendant is not entitled to attorneys' fees.

**B.  Costs**

The majority of the costs submitted by Defendant are associated with two depositions. Defendant asks for reimbursement for the transcript costs of deposing a witness, Charlotte Mosquiera ("Mosquiera"), a California resident, and for deposing Dr. Richard Owings ("Owings").

Defendant must do more than submit an itemized statement of its costs.  Defendant must show that bringing Mosquiera to Arkansas for a video-taped deposition was necessary for the case, and not because it was the most convenient course of action.  Defendant did not offer such evidence.  The same is true with respect to Owings.  There is no evidence that he was a critical witness or that taking his deposition was necessary for the case.

In view of this, Defendant's Motion for Attorneys' Fees and Costs is DENIED.

IT IS SO ORDERED this 16th day of May, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE